## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SOCIETY OF PROFESSIONAL ENGINEERING EMPLOYEES IN AEROSPACE, *et al.,* ) ) ) ) | |
| Plaintiffs, ) | |
| ) | Case No.: 14-1407-EFM-KGG |
| SPIRIT AEROSYSTEMS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM & ORDER

Before the Court is Defendants' Motion for Leave to File Counterclaim for Declaratory Judgment (Doc. 22).  Having reviewed the parties' submissions, the Court **GRANTS** Defendants' motion.

This action was brought by Plaintiff in December 2014, with Plaintiff SPEEA seeking to

> (1) compel arbitration under a collective bargaining agreement on behalf of, or (2) to enforce the terms of a collective bargaining agreement between, SPEEA and Spirit or (3) for reformation of that Agreement, and by [individual Plaintiffs] in the alternative to (1) enforce their rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*, ('ERISA') or, (2) for reformation of a Plan document.

(Doc. 1, at 1-2.)  Defendants filed their Answer on January 22, 2015, generally denying Plaintiffs' allegations and raising certain affirmative defenses.  (Doc. 9.)

No Scheduling Order has been entered in this case as a result of Plaintiff's motion for partial judgment on the pleadings and motion to stay discovery. (Doc. 17, text entry, 3/26/15; Doc. 18.)

Defendants now move the Court for an Order allowing them to file a counterclaim for declaratory judgment on

> the threshold question of whether the Spirit Health Plan's requirement that otherwise-eligible employees who are laid off within 30 months before turning age 62 must enroll in the Access Only retiree medical plan at the time of layoff, to be eligible to enroll in company subsidized retiree medical coverage upon turning 62, violates the collective bargaining agreement, which provides that benefits shall be provided as defined in the Plans.

(Doc. 23, at 1.) In response, Plaintiffs argues that the requested amendment should be denied because of undue delay, that they would be prejudiced by the amendment, and that any such counterclaim is futile. (*See* Doc. 25.)

The Declaratory Judgment Act "confers jurisdiction on federal courts to hear declaratory judgment actions," but "does not impose a duty upon district courts to make a declaration of rights." ***Board of County Comm'rs v. Continental Western Ins. Co***., 174 F.Supp.2d 1117, 1120 (D. Kan. 2001) (citing 28 U.S.C. 2201(a)). "Instead, the decision whether to exercise jurisdiction under the Declaratory Judgment Act over actions in which they otherwise have jurisdiction is within the sound discretion of the district courts." *Id*., (citing ***Wilton v. Seven Falls***

2

*Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); ***St. Paul Fire & Marine Ins. Co. v. Runyon***, 53 F.3d 1167, 1168 (10th Cir.1995)).

Fed.R.Civ.P. 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir.1993).

As an initial matter, the Court finds that the proposed amendment has not been brought with undue delay nor would allowing it cause undue prejudice to Plaintiffs.  As stated by Defendants, they "moved for leave to assert a counterclaim less than two months after they filed their Answer, less than one month after Plaintiffs filed their Motion for Judgment on the Pleadings, before discovery started, and, most significantly, before the deadline for amending the pleadings had passed or even been established."  (Doc. 26, at 1.)  While Defendants could have included their counterclaim in their original Answer, this does not prohibit them from moving to amend.

3

The Court's analysis thus turns to the issue of futility.

> 'A proposed amendment would be futile if the amended [pleading] would be subject to dismissal.'  The Court applies the standard governing motions to dismiss under Fed.R.Civ.P. 12(b)(6) to determine whether the proposed amendment is futile.  That is, the [pleading] 'must present 'enough facts to state a claim to relief that is plausible on its face.''  When deciding whether the [party moving for amendment] has stated a plausible claim, the Court accepts as true all factual allegations in the [pleading] and views them in the light most favorable to the plaintiff.  'Conclusory statements, threadbare recitals of elements, and legal conclusions, however, are not entitled to a presumption of truth.'

*Szczygiel v. Kansas*, 2015 WL 630570, at *2 (D. Kan. Feb. 12, 2015) (citations omitted).  Given these parameters, and in the context of the present Motion for Leave, the Court finds that Plaintiffs have not established that the proposed amendment is futile.[1]  The Motion for Leave (Doc. 22) is, therefore, **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 8th day of June, 2015.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

---

[1] This ruling does not impact any determination of potential dispositive motions by the District Court.